MING FANG LI, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Respondent.

No. 05–2344–ag.

United States Court of Appeals, Second Circuit.

June 29, 2006.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

James E. Barz, Assistant United States Attorney (Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Edmond Chang and Craig A. Oswald, Assistant United States Attorneys), Chicago, IL, for Respondent.

PRESENT: JAMES L. OAKES, CHESTER J. STRAUB and ROBERT A. KATZMANN, Circuit Judges.

**SUMMARY ORDER**

Ming Fang Li (A 78 299 084) petitions for review of the April 15, 2005 BIA decision affirming Immigration Judge ("IJ") Vivienne Gordon–Uruakpa's decision denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where the BIA adopts and supplements the IJ's decision, as it did here, we review the decision of the IJ as supplemented by the BIA. *See Niam v. Ashcroft,* 354 F.3d 652, 655–56 (7th Cir.2004). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C.

§ 1252(b)(4)(B); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003).

■ As an initial matter, because Li fails to challenge in her petition the IJ's determination that her asylum application was untimely, any such challenge is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005). Further, even if Li had raised such a challenge, substantial evidence supports the IJ's adverse credibility determination.

■ First, the IJ properly gave diminished weight to Li's documents because they were not authenticated under 8 C.F.R. § 287.6. While it is error for an IJ to reject documents altogether because they are not authenticated according to the regulations, the IJ simply accorded Li's documents less weight. *Cf. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 404–05 (2d Cir.2005). The IJ also appropriately gave diminished weight to Li's abortion certificate in light of the State Department Profile, which indicates that hospitals issued such abortion certificates upon the patient's request after a voluntary abortion. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006) (finding that country profiles are probative, if not binding). Given the deficiencies in the documentary evidence, the IJ properly placed significantly greater weight on Li's testimony.

In assessing that testimony, the IJ accurately observed that Li stated during her airport interview that she came to the United States to make money and intended to return to China afterwards, which contradicts her claim of flight from persecution. In that same interview, Li denied that she ever was pregnant or had an abortion, which also directly contradicts her claims. The IJ acknowledged Li's explanations for these inconsistencies—that she was too afraid and that it was not she, but the interpreter, who made those statements—and reasonably discredited them.

*See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Li's contention that the airport interview was not reliable is unavailing because the record indicates that the airport statement is a verbatim account of the exchange between Li and the immigration officer, and not merely a paraphrasing of Li's responses. Li also indicated at the time that she was willing to speak with the officer, and aside from her accusation that the interpreter incorrectly stated that she did not have an abortion, Li did not fault other aspects of the translation. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004).

Moreover, the IJ accurately observed that Li was unable to provide details regarding the abortion, appropriately probed for those details, and reasonably found Li's inability to provide details consistent with her testimony to the airport officials that she did not experience an abortion. *Cf. Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003). The IJ also accurately noted that Li stated in her written asylum application that she lived with the boyfriend who allegedly impregnated her, yet she testified that they did not live together.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DENIED as moot.